# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50666
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR MACARIO HERNANDEZ-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-376-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Edgar Macario Hernandez-Lopez (Hernandez) appeals his 20-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry. Hernandez contends that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he asserts that the U.S.S.G. § 2L1.2 illegal reentry sentencing guideline should not be afforded a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption of reasonableness because it is not empirically based, double counts certain predicate criminal convictions, overstates the seriousness of the illegal reentry offense, and does not provide just punishment for the offense. Hernandez further argues that his sentence fails to reflect his personal history and characteristics, namely, that he is 30 years of age, he was brought to the United States when he was a child, he has a wife and three children, he has a child that suffers from cerebral palsy, and he returned to the United States to find work to support his family.

We need not decide this case under plain error review, because Hernandez's sentence can be affirmed under an abuse of discretion. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). When a sentence falls within a properly calculated guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Hernandez's empirical basis challenge to the presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago*, 564 F. 3d 357, 366 (5th Cir. 2009). We have rejected the argument that a sentence imposed under § 2L1.2 is substantively unreasonable because certain predicate criminal convictions are double counted in the computation of a defendant's guidelines range. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the assertion that § 2L1.2 overstates the seriousness of illegal reentry. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Finally, Hernandez's contention that his sentence fails to reflect his personal history and characteristics is nothing more than a disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to show an abuse of discretion. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.